**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE TRI-VALLEY VINEYARDS, LLC, | Case No.: 13-MC-80103 YGR |
| Debtor. | |
| | |
| TRI-VALLEY VINEYARDS, LLC, | ORDER DENYING EMERGENCY MOTION FOR LEAVE TO FILE BANKRUPTCY APPEAL |
| Plaintiff, | |
| vs. | |
| MECHANICS BANK, | |
| Defendant. | |

Tri-Valley Vineyards, LLC ("Tri-Valley Vineyards"), the Debtor in a pending Bankruptcy Case 11-70942 (Bankr. N.D. Cal.), has filed an Emergency Motion seeking Leave to Appeal an Order Denying a Temporary Restraining Order, and also moves for entry of a Temporary Restraining Order and Preliminary Injunction.  The bankruptcy judge denied the motion for a temporary restraining order for lack of standing because only the Trustee has the capacity to sue on behalf of the bankruptcy estate.  Having carefully considered the papers submitted and the arguments of counsel during a telephonic conference call, the Court hereby **DENIES** the Emergency Motion because any such adversarial proceeding must be brought by the person aggrieved, which in this case, is the Trustee appointed by the bankruptcy judge.[1]

On October 14, 2011, Tri-Valley Vineyards file a voluntary petition in bankruptcy under Chapter 11 to prevent its creditor, Mechanics Bank from proceeding with a non-judicial foreclosure on real property.  On or about September 1, 2012, the bankruptcy judge appointed a Trustee over the

---

[1] After examination of the briefs and record, the Court finds that, pursuant to Federal Rule of Bankruptcy Procedure 8012, this matter is appropriate for decision without oral argument.

United States District Court
Northern District of California

1   bankruptcy estate.  On March 28, 2013, the bankruptcy court entered an Order Granting Mechanics

2   Bank's Motion for Relief from the Automatic Stay to permit Mechanics Bank to proceed with a non-

3   judicial foreclosure on real property.  On April, 29, 2013, the Trustee of the bankruptcy estate filed a

4   Motion for Approval of the Sale of Real Property.  Tri-Valley Vineyards opposed the Trustee's

5   Motion and opened a bankruptcy adversary proceeding, 13-04098 (Bankr. N.D. Cal.), seeking to

6   enjoin Mechanics Bank from foreclosing on real property.  In the adversary proceedings, Tri-Valley

7   Vineyards moved for a temporary restraining order to prevent a non-judicial foreclosure by its

8   creditor, Mechanics Bank.

9        On May 9, 2013, the bankruptcy judge Granted the Trustee's Motion for Approval of Sale of

10  the Real Property in the underlying bankruptcy proceeding, Case No. 11-70942 (Bankr. N.D. Cal.),

11  and Denied Tri-Valley Vineyards' Motion for a Temporary Restraining Order in the bankruptcy

12  adversary proceeding, Case No. 13-04098 (Bankr. N.D. Cal.).  The reason stated on the record for

13  denying the Motion for Temporary Restraining Order was that Tri-Valley Vineyards lacks standing

14  to sue because only the Trustee has the capacity to sue on behalf of the bankruptcy estate.  Tri-Valley

15  Vineyards asserts that the bankruptcy judge committed legal error because pursuant to Bankruptcy

16  Code § 1109,[2] Tri-Valley Vineyards is a party in interest entitled to be heard on any issue.[3]

17       The bankruptcy judge correctly concluded that Tri-Valley Vineyards does not have standing

18  to assert claims on behalf of the bankruptcy estate.  While Tri-Valley Vineyards is correct that

19  anyone with a legally protected interest may assert *that* interest, the interest that Tri-Valley Vineyards

20  purports to assert belongs to the bankruptcy estate, and therefore, is an interest vested with Trustee.

21  Upon filing a petition for bankruptcy, a debtor's legal or equitable interests in all property becomes

22  property of the bankruptcy estate.  11 U.S.C. § 541(a)(1).  When a trustee is appointed over the

23

24  [2] "A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter."  11 U.S.C. § 1109.

25

26  [3] Tri-Valley Vineyards also filed an Emergency Motion for a Stay (Dkt. No. 3) of the Order issued in the underlying bankruptcy proceeding, Case No. 11-70942 (Bankr. N.D. Cal.), Granting Approval of the Sale of Real Property.  The Court denied the motion for stay on the grounds that Tri-Valley Vineyards failed to present its arguments to the bankruptcy court pursuant to Fed. R. Bankr. P. 8005. (*See* Dkt. No. 6.)

27

28

United States District Court
Northern District of California

bankruptcy estate, the assets and claims in the bankruptcy estate pass to the Trustee.  11 U.S.C. §
323.  Accordingly, the Trustee, not Tri-Valley Vineyards, is "the proper party in interest" to assert
claims on behalf of the bankruptcy estate.  *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451
n.2 (9th Cir. 1994).

The Emergency Motion (Dkt. No. 1) is **DENIED**.

This Order fully adjudicates the appeal and terminates all pending motions for the case.  The
clerk shall close the case file.

**IT IS SO ORDERED**.

**Date: May 14, 2013**

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

3